UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MELAINE R. WILSON,<br>Plaintiff | 5:22-cv-5091 |
| vs. | MEMORANDUM OPINION |
| | AND ORDER |
| JOHN HUSSMAN, SR.,<br>Defendant | |

In her pro se Complaint, Plaintiff seeks substantial damages from Defendant in connection with allegations of rape when she was a child. (Doc. 1). She also has filed a motion to proceed in forma pauperis with accompanying financial information. (Doc. 2).

## I. Motion for Leave to Proceed In forma Pauperis

28 U.S.C. §1915(a)(1) directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. A person may be permitted to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets" the person possesses, and also states "that the person is unable to pay such fees or give security therefore." *Id.* The Eighth Circuit has established parameters for addressing in forma pauperis

1

motions and has instructed that a petitioner's financial status should be evaluated first, and screening under 28 U.S.C. § 1915 should follow. *Martin-Trigona v. Stewart,* 691 F.2d 856, 857 (8th Cir. 1982). The court has recognized that the applicant need not establish "absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). See also *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. 2017). The District Court's task is to determine whether the plaintiff's allegation of poverty is true, and that determination is within the court's discretion. *Lee*, 231 F.3d at 459.

Plaintiff has submitted sufficient documentation to establish that she should be permitted to proceed in forma pauperis. In her declaration, Ms. Wilson indicates she currently has income in the form of military retirement and disability payments, minimal assets, and significant housing expenses. (Doc. 2). The court finds Ms. Wilson is indigent within the meaning of §1915(a)(1). This determination means her claims will be screened under 28 U.S.C. § 1915(e).

## II. Screening pursuant to 28 U.S.C. § 1915

A. Legal Standard

A proceeding in forma pauperis is governed by 28 U.S.C. §1915(e) which provides:

> (2) Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that-- . . .
> (B) the action or appeal—
> (i) is frivolous or malicious;

2

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

28 U.S.C. § 1915(e)(2).

This provision allows the court sua sponte to review a complaint filed
with an in forma pauperis application to determine if the action warrants dismissal.
In screening plaintiff's pro se complaint, the court must liberally construe it and
assume as true all facts well pleaded in the complaint. *Erickson v. Pardus*, 551
U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Even with this
construction, "a pro se complaint must contain specific facts supporting its
conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). To state a
claim for relief, a complaint must plead more than "legal conclusions" and
"[t]hreadbare recitals of the elements of a cause of action's elements, supported by
mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,
173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127
S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A reviewing court has the duty to examine a
pro se complaint "to determine if the allegations provide for relief on any possible
theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). A plaintiff must
demonstrate a plausible claim for relief, that "allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft*, 556 U.S. at 675. If it does not contain these bare essentials, dismissal is

appropriate. The court is not required to construct legal theories for the plaintiff to enable the case to proceed. *Marglon v City of Sioux Falls Police Dept.*, 2020 WL 906521, *2 (D.S.D. 2020) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

B.  Plaintiff's Allegations

Plaintiff alleges that she was a child in foster care living with Defendant and his family. (Doc. 1). She further alleges that when she was "in the 3d grade (8 years old) and in the 4th Grade (9 years old)," Defendant violently raped her. (Id., PgID 5). She further asserts that she ran away in 1982 when she was 12 years old, meaning the alleged actions would have occurred in the 1978-80 timeframe. (Id., PgID 6). She asserts she tried to obtain relief through the criminal justice system but was told the statute of limitations had expired. She also tried to obtain relief from the tribal court but to no avail. (Id.).

C.  Analysis

Plaintiff has stated that she initiated this lawsuit because on September 16, 2022, President Biden signed into law PL 117-176, which eliminates the statute of limitations for certain criminal conduct when the victim seeks recompense through a civil suit. *Id.*, 136 Stat. 2108, September 16, 2022. The version of this Public Law that appears at 18 U.S.C. § 2255, reads as follows:

§ 2255. Civil remedy for personal injuries

4

(a) In general.--Any person who, while a minor, was a victim of a violation of section1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252 A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

(b) Statute of limitations.--There shall be no time limit for the filing of a complaint commencing an action under this section.

The source for the codification at 18 U.S.C. § 2255 is the language in PL 117-176, 136 Stat. 2108, which was based on Senate Bill 3130 (cited by Plaintiff at Doc. 1, PgID 8). The Public Law and Statutes at Large versions are identical, and differ from the United States Code version in a significant respect pertinent to Plaintiff's claim. Read literally, under the United States Code version, the Plaintiff's claim would proceed. However, the Public Law and Statutes at Large versions control, and under that law the Plaintiff's claim does not proceed. Sec. 3 of the Act addresses the applicability of the law and reads as follows:

SEC. 3. EFFECTIVE DATE; APPLICABILITY.

This Act and the amendments made by this Act shall—
    (1) take effect on the date of enactment of this Act; and
    (2) apply to—
    (A) any claim or action that, as of the date described in paragraph (1), would not have been barred under section 2255(b) of title 18, United States Code, as it read on the day before the date of enactment of this Act; and

(B) any claim or action arising after the date of enactment of this Act. Approved September 16, 2022.

PL 117-176, 136 Stat. 2108, September 16, 2022.

As indicated in the citation, P.L. 117-176 is codified in the Statutes at Large at 136 Stat. 2108. Where there is an inconsistency between the text of the United States Code section and the Statutes at Large, the language of the latter controls. 1 U.S.C. § 204(a). See *Stephan v. United States*, 319 U.S. 423, 426 (1943) ("… the Code cannot prevail over the Statutes at Large when the two are inconsistent"). See also *Jewish Center for Aged v. U.S. Dept. of Housing and Urban Development*, 2007 WL 2121691, *4 (E.D. Mo. 2007); *Peart v. Motor Vessel Bering Explorer,* 373 F. Supp. 927, 928 (D. Alaska 1974). In the present case, the language of the Statutes at Large controls.

On its face, Section 3 eliminates the statute of limitations for actions or claims arising after enactment of the statute. Cases arising before that time require further analysis, however. In accordance with § (2)(A), it is necessary to assess whether an older claim would have been barred by the applicable statute of limitations before September 16, 2022.

Prior to the version of 18 U.S.C. § 2255 now in effect, the statute provided a ten-year statute of limitations which began to run on the later of the plaintiff's discovery of the violation or discovery of the injury, or not later than ten years after the victim reached the age of eighteen. PL 115-126, 132 Stat. 318, February

6

14, 2018. The 2018 amendment provided additional options for a victim to employ

in a lawsuit. Id. A ten-year statute of limitation was in effect; it had replaced a six-

year statute of limitations in 2013. PL 113-4, 127 Stat. 54, March 7, 2013. Thus, a

ten-year statute of limitations was in effect as of 2013, but it would not have

revived a claim such as Plaintiff's dating from more than three decades earlier.

See generally *Nimham-El-Dey v. Childrens Aid Society*, 2022 WL 4109781 (S.D.

NY 2022) (claims time-barred pursuant to ten-year statute of limitations); *Elden v.

Nirvana, L.L.C.,* 2022 WL 4079271 (C.D. CA 2022) (same).

Previous versions of statutes affecting the statute of limitations and other

aspects of 18 U.S.C. § 2255 expanded the pool of people who could bring suit

from "any minor" to "any person" who fit within the applicable sections of the

federal criminal code. PL 109-248, 120 Stat. 587, July 27, 2006. The list of

crimes that could be the subject of suit had been expanded previously. PL 105-

314, 112 Stat. 2974, October 30, 1998. The remedy of a civil suit had been

established initially with a six-year statute of limitations and required the suit be

initiated by a minor who suffered injuries as a result of violations of applicable

sections of the federal criminal code. PL 99-591, 100 Stat. 3341, October 30,

1986. See generally, *Stephens v. Clash*, 796 F.3d 281 (3d Cir. 2015); *K.H., on

behalf of Doe v. Reese*, 2023 WL 35327 (M.D. Pa. 2023); *Estate of Devins v.

Oneida County,* 2022 WL 4549228 (N.D. NY 2022).

In her complaint, Plaintiff asserts the alleged rapes occurred when she was 8 and 9 years old.  Based on her statement that she was 12 when she ran away in 1982, the Court assumes a birthdate of sometime in 1970.  It is possible she could have pursued a civil action when 18 U.S.C. § 2255 was amended in 1986 to authorize civil suits for certain sexual assaults, PL 99-591, *id.*  Apparently, Plaintiff did not do so.

The September 16, 2022, amendment to 18 U.S.C. § 2255 that Plaintiff cites as eliminating the statute of limitations does so only for certain cases, and Plaintiff's is not in that category.  Plaintiff's lawsuit is barred by the statute of limitations, 18 U.S.C. § 2255, and has not been revived by any of the ensuing amendments to the statute.  When a court is conducting screening pursuant to 28 U.S.C. § 1915 and determines a claim pursuant to 18 U.S.C. § 2255 is time-barred, dismissal is appropriate when "it is obvious from the face of the complaint and no further factual record is required to be developed."  *Harding v. Watch Tower Bible & Tract Society of New York, Inc.*, 2022 WL 3025816, *2 (10th Cir. 2022).

## CONCLUSION

The allegations on the face of Plaintiff's Complaint demonstrate she is not entitled to relief. The statute of limitations bars relief on her Complaint and the recent amendment has not eliminated the statute of limitations for Plaintiff's claim which originated several decades ago. PL 117-176, 136 Stat. 2108, September 16,

2022. Therefore, the Court dismisses her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted; and

2. Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 1).

Dated this 15th day of February, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK